# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MILLENNIUM TRAVEL &**
**PROMOTIONS, INC.,**

 **Plaintiff,**

-vs-                                                          **Case No.  6:08-cv-290-Orl-28KRS**

**CLASSIC PROMOTIONS & PREMIUMS,**
**INC.,  MARK VANGINHOVEN,**

 **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss Counts III, IV and V of the

Amended Complaint (Doc. 11) filed by the Defendants, Classic Promotions & Premiums, Inc.

("Classic") and Mark VanGinHoven ("VanGinHoven"), and the response (Doc. 12) filed by the

Plaintiff, Millennium Travel & Promotions, Inc. ("Millennium").

## I.    Background

Millennium has registered a copyright for a one-page work of text, titled "Terms of

Participation," that spells out the requirements for individuals to purchase certain travel services.

(Doc. 11 at 15).  For example, the second paragraph of the Terms of Participation instructs

potential customers, among other things, that "You must choose three dates on your Reservation

Request Form, allowing for at least 45 days between choices.  Arrivals must be on a Monday or

Tuesday.  Mail the request back to us at least 90 days before the earliest chosen date." (Doc. 11 at

15).  Millennium contends that the Defendants infringed its copyright (Count I) by copying the

Terms of Participation and distributing it to the public, and that they contributed to copyright

infringement (Count II) by presenting  the Terms of Participation to V.I.P. Travel Reservations,

Inc. ("V.I.P."), which then distributed it to the public.  (Doc. 11 at 3-8).

      Beyond the Terms of Participation, Millennium contends that the Defendants are also

unlawfully copying and distributing other material – specifically, its brochures and "other literal or

design elements" in its marketing materials – and that this is creating "a likelihood of confusion."

(Doc. 11 at 3).  )Millennium does not identify the "literal or design elements" that are allegedly

being copied.)  In Count III, Millennium alleges that the Defendants engaged in unfair competition

under Florida common law by copying and distributing the copyrighted text and the other material,

and by inducing and materially contributing to V.I.P. doing the same.  (Doc. 11 at 8-9).  In Count

IV, Millennium contends that this same conduct also violates Florida's Deceptive and Unfair

Trade Practices Act.  Finally, in Count V, Millennium contends that the Defendants' copying and

distribution of the copyrighted text and the other material violates Section 43(a) of the Lanham

Act, which prohibits false descriptions and false designations of origin.  (Doc. 11 at 12).

      The Defendants now seek dismissal of the latter three counts, generally arguing that two of

those  claims are preempted by the Copyright Act, and that the other impermissibly attempts to

shoehorn a copyright claim into a trademark claim.

## II.    Standards

### A.    Motion to Dismiss

      In ruling on a motion to dismiss, this Court must view the complaint in the light most

favorable to the Plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its

consideration to the pleadings and any exhibits attached thereto.  FED. R. CIV. P. 10(c); *see also*

*GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* __ U.S. __, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotation omitted).  "A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384. (11th Cir. 1989).

B.    **Preemption by the Copyright Act**

The Copyright Act (the "Act") grants to copyright holders the exclusive right "to reproduce the copyrighted works, to prepare derivative works, and to distribute copies to the public." 17 U.S.C. § 106. To establish infringement, a plaintiff must establish two elements: ownership of a valid copyright, and copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone Service, Inc.*, 499 U.S. 340 (1991). The Act also preempts all state causes of action based on a right found in the Act or an equivalent to such a right. *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001). In particular, the Act states that

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 ... are governed exclusively by this title.... [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). The Act excepts from preemption certain activities, including "activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106." 17 U.S.C. § 301(b). As a result, the Act preempts "only those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law." *Foley* at 1285.

To determine whether a particular state law claim is preempted by the Act, the United States Court of Appeals for the Eleventh Circuit has adopted the "extra element" test. *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1549 (11th Cir. 1996). To apply this test, the Court must determine whether the state law claim contains an extra element for recovery that "changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim." *Id.*

-4-

(internal quotation and citation omitted).  As an example, state law trade secret statutes are not preempted because the plaintiff must prove the existence and breach of a confidential relationship in order to prevail.  *Id.*  On the other hand, "awareness" and "intent" are not considered to be qualitatively different elements substantial enough to be serve as an "extra element".  *Foley* at 1285.

### C.     Unfair Competition under the Lanham Act

The Lanham Act prohibits the use in commerce of "any word, term, name, symbol, or device, or any combination thereof" that is likely to cause "confusion, or to cause mistake, or to deceive ... as to the origin, sponsorship, or approval" of goods, services, or commercial activities. 15 U.S.C. § 1125(a)(1).

(B)

in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

## III.   Analysis

### A.     Unfair Competition/FDUTPA

"The law of unfair competition is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or nonstatutory matters."  *American Heritage Life Insurance Co. v. Heritage Life Insurance Co.*, 494

F.2d 3, 14 (5th Cir. 1974).[1]   To prevail on a claim for unfair competition under Florida law, a party must establish (1) deceptive or fraudulent conduct of a competitor and (2) likelihood of consumer confusion.  *Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 915 (11th Cir. 1986).  Rather than going to the question of copying in the manufacture of a product, unfair competition "goes to the question of marketing".  *Id.*

Millennium points out that the elements of a Florida unfair competition claim are different from the elements of a copyright infringement claim, and argues that by pleading those elements, it has satisfied the "extra element" test so as to avoid preemption.  At its heart, however, Count III remains a copyright infringement claim, complaining about the copying and distribution of Millennium's copyrighted work by the Defendants and V.I.P.  Although it contains a mechanical recitation of the elements of an unfair competition claim, Count III is not qualitatively different from the copyright infringement claims asserted in Counts I and II, and it is therefore preempted.

The same holds true for Millennium's FDUTPA claim.  To establish an FDUTPA violation, a plaintiff must show a deceptive or unfair practice, causation, and actual damages or aggrievement.  *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F.Supp.2d 1314, 1326 (M.D.Fla. 2007).  The only deceptive or unfair practices alleged in Count IV are the improper copying and distribution of Millennium's copyrighted work.  Millennium's reiteration of the elements of an FDUTPA claim is not enough to save its repackaged copyright infringement claims from preemption.

---

[1]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**B.      Trademark Claim**

The Lanham Act prohibits the use in commerce of "any word, term, name, symbol, or device, or any combination thereof" that is likely to cause "confusion, or to cause mistake, or to deceive ... as to the origin, sponsorship, or approval" of goods, services, or commercial activities. 15 U.S.C. § 1125(a)(1).  Generally speaking, the Lanham Act protects individual words or short phrases, such as slogans.  *See generally RDF Media Ltd. v. Fox Broad. Co.*, 372 F.Supp.2d 556, 563 (C.D. Cal. 2005).  Millennium essentially concedes that a multi-paragraph work, such as the "Terms of Participation," is simply too long to function as a source identifier whose utilization by another might cause the confusion or deception prohibited by Section 1125(a) of the Lanham Act.

Millennium attempts to salvage the Count by arguing that the "product" it sells to its customers (and which the Defendants have allegedly copied and then, *inter alia*, sold to the public) is the "Terms of Participation" *plus* its own "materials and designs."  (Doc. 22 at 11).  Thus, the theory goes, the entire package that the Defendants are selling closely resembles the entire package that Millennium sells, which could deceive purchasers of one into thinking it came from the other. (Doc. 22 at 11).  However, Millennium offers no case law supporting the proposition that a collection of words that is too long to be protected under the Lanham Act can be afforded that protection if combined with *even more* items.  The Terms of Participation cannot serve as the basis for a Lanham Act claim, and Millennium does not argue that the other allegedly misappropriated materials and designs are enough on their own to do so.  The Court finds that Count V fails to state a claim under the Lanham Act.  However, because the Court cannot rule out the possibility that Millennium could state a Lanham Act claim independent of the allegedly misappropriated "Terms of Participation," Count V will be dismissed without prejudice.

**IV.**     **Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss Counts III, IV and V of the Amended Complaint

(Doc. 11) is **GRANTED**.  Counts III and IV are **DISMISSED WITH PREJUDICE**, and Count V

is **DISMISSED WITHOUT PREJUDICE**.  Millennium may file an amended complaint, on or

before June 16, 2008, asserting a Lanham Act claim that does not depend on the "Terms of

Participation."

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 2, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party